BARLOW v. PLATT et al.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

ACCOUNT STATED (§ 8*)—CONCLUSIVENESS—OPENING.

> Plaintiff was employed by defendants to conduct a department of their store, first for three years, for "one-third of the net profits" of the department, and after that for three years, for one-half of such profits.   At the end of each year a statement of the business and profits was made up, and plaintiff was paid thereon.   *Held* that, in the absence of fraud or mistake, the settlements would not be opened upon the ground that cash discounts received by defendants on purchases for the department should have been taken into the account as profits; plaintiff, while assuming all the time that defendants were in the habit of discounting their bills for cash, having never made claim to a share therein, or objection to nonallowance thereof, though he made other objections to the statements, and had corrections therefor, and having never been denied access to defendants' books.

> [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 50–55; Dec. Dig. § 8.*]

Appeal from Special Term, Dutchess County.

Action by Myron H. Barlow against Edmund P. Platt and another. From an interlocutory judgment for plaintiff, opening settled accounts between the parties and appointing a referee to take an account, entered on a decision after trial at Special Term, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

W. E. Hoysradt, for appellants.

Charles F. Cossum, for respondent.

GAYNOR, J.   The defendants keep a department store.   The plaintiff was employed by them by a written agreement for three years from February 1, 1902, as manager of their furniture department, at a compensation of "one-third of the actual net profits" of such department.   At the end of that period a new contract in writing was made for three years more at a compensation of one-half of such profits; and at the end of that period the plaintiff continued for three months at $150 a month.   At the end of each year a statement was made up of the business of the plaintiff's department, and showing the profits thereof, and he was paid thereon.   "They calculated it," says the plaintiff, "and I accepted it."   This is a suit to open all of these annual settlements, and make the defendants account to him for discounts which they received on goods purchased.   The department was charged with all goods at cost price.   The evidence shows that all time discounts were deducted by the plaintiff himself in marking the cost price of the goods in his department.   He made all purchases, received all the goods and the bills, kept an invoice book of the bills, and marked the cost price on the goods.   Time discounts are those allowed if payment be made in 30 days or by some fixed period.   Cash discounts are discounts allowed by the seller if payment be made at once in cash.   Sometimes the seller may allow them and again not.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants did from time to time, each year, discount some of their bills in this way, i. e., by paying at once instead of at the end of the period of credit allowed. Such discounts were sometimes 2 per cent. and sometimes 1 per cent. These discounts were not included in the defendant's account with the plaintiff, and the dispute is in respect of them only. All discounts allowable appeared on the bill heads. The plaintiff never demanded his share of the cash discounts, or made any claim or objection concerning them. He did point out other errors from time to time and have them corrected. He had a right to see the books, and did have access to them. The ledger showed all discounts, and the plaintiff testifies that he was aware and assumed all the while that the defendants were in the habit of discounting their bills for cash. There is no evidence that any of the defendants ever denied him access to the books, or that he ever made any request or complaint to them that he could not see the books, or was denied access to them. He says in his evidence that at some time or another he asked an employé named Smith to let him see a "certain book"— when, or what book, does not appear—and was told by him he could not see it. The said employé was not the bookkeeper, nor does it appear what position he held. The plaintiff never reported any such thing to the defendants, and testifies of the said employé that "he did not have anything to do with the books." In fine, the evidence shows that the right of the plaintiff to examine the books was never denied to him by the defendants, and that he never claimed that it was. The defendants admit that they discounted some of their bills at 1 or 2 per cent. for cash, but claim that the plaintiff was not entitled to share in such discount—that it was only an equivalent for the use of the money if they had retained it and used it some other way. Moreover, the uncontradicted testimony is that the established and known rule and custom among merchants is that such discounts are not considered a part of the profit of the different departments, or to establish the profit thereof.

The evidence shows that there was no fraud by the defendants or mistake of the parties. The defendants acted in good faith. The rule is that accounts settled between parties will not be opened except for duress, fraud or mistake, that the practice of opening such accounts is not to be encouraged, and that after the lapse of considerable time the evidence must be strong and conclusive. Wilde v. Jenkins, 4 Paige, 481; Augsbury v. Flower, 68 N. Y. 619; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280, 5 L. R. A. 623.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.